UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────────────

JIAN XING WANG,

                Plaintiff,

– against –

WAH LUNG CHINESE FOOD 1932, INC.,
WAH LUNG CHINESE FOOD NY INC.,
JIN GUANG ZHENG, and TUEN HUNG CHIU,

                Defendants.

───────────────────────────────

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

19-cv-3122 (ERK) (VMS)

KORMAN, *J.*:

      Plaintiff Jian Xing Wang brings a Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") suit against his former employer, defendants Wah Lung Chinese Food 1932, Inc., Wah Lung Chinese Food NY Inc., Jin Guang Zhen, and Tuen Hung Chiu. He primarily alleges that he was denied minimum wage, overtime compensation, and spread of hours compensation for his work as a delivery person and various other tasks performed on behalf of the defendants. Compl. ¶¶ 35, 43-69, ECF No. 1. The defendants move to dismiss for lack of subject matter jurisdiction.

**DISCUSSION**

      "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is proper when a plaintiff "pleads a colorable claim 'arising under' the Constitution

1

or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). Wang asserts multiple claims under the FLSA, a federal statute. *See* Compl. ¶¶ 43-48, 54-59. The defendants move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that (1) the defendants' enterprise's annual gross volume of sales does not exceed $500,000, *see* Ex. B (2017 Form 1120), Ex. C (2016 Form 1120) and Ex. D (2015 Form 1120), ECF No. 12-2, and that, (2) the defendants' enterprise is not "engaged in commerce" – both of which are required to prevail on a FLSA claim. *See* 29 U.S.C. § 203(s)(1)(A)(i)-(ii).

The defendants' claims are relevant to the merits of a FLSA claim but are not jurisdictional issues. *Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 300-01 (E.D.N.Y. 2009) (denying motion to dismiss on the ground that the defendants did not meet the $500,000 gross annual sales requirement for enterprise coverage under the FLSA); *Velez v. Vassallo*, 203 F. Supp. 2d 312, 330 (S.D.N.Y. 2002) (adopting report and recommendation) (holding that failure to make a required FLSA showing that defendant is an "enterprise" within the statute is a "failure on the merits" but does not affect subject matter jurisdiction). "Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination." *Arbaugh*, 546 U.S. at 511 (quotation marks and citations omitted). Indeed, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character." *Id.* at 516. If a statutory limitation is not deemed jurisdictional, then the jury must try the issue. *Id.* at 514. Here, "[t]he gross annual sales requirement is not jurisdictional because the plain language of the FLSA makes no

reference to that requirement in jurisdictional terms." *Padilla*, 643 F. Supp. 2d at 300-01; *see* 29 U.S.C. § 203(s)(1)(A)(ii).

The same is true for the defendants' claim that "Wah Lung is a small local restaurant" catering to customers "within [a] 10 block[] radius," rendering it "virtually impossible . . . that [it] is engaged in intercounty commerce, not to mention interstate commerce." Mem. Supp. Mot. Dismiss 6, ECF No. 12-1. Thus, the defendants argue, it fails the FLSA requirement that the enterprise be "engaged in commerce." *See* 29 U.S.C. § 203(s)(1)(A)(i). As with the gross annual sales requirement, "[n]owhere is the word 'jurisdiction' even mentioned in the [relevant] statutory provisions." *Velez*, 203 F. Supp. 2d at 332. Thus, "resolution of the question of whether or not [the d]efendants actually are 'an enterprise engaged in commerce' within the meaning of 29 U.S.C. § 203(s)(1) is an issue that goes to the merits of [the plaintiff's] claims rather than the Court's subject matter jurisdiction." *Id.* Judge Kaplan explained:

> Had [the plaintiffs] failed to show that [the defendants] constituted an "enterprise engaged in commerce" . . . dismissal on "jurisdictional" grounds would have been no more appropriate than if [the plaintiffs] had failed to show that they were paid at sub-par wages, or if [the defendants] had shown that Plaintiffs were independent contractors rather than "employees." The latter two issues, just as [the defendants'] status as an enterprise engaged in commerce, go to the merits of [the plaintiffs'] claims . . . .

*Id.* at 332-33; *see also Benitez v. F & V Car Wash, Inc.*, 2012 WL 1414879, at *1 (E.D.N.Y. Apr. 24, 2012) ("[T]he question of whether a defendant qualifies as an enterprise under the FLSA is not a jurisdictional issue, but an element that a plaintiff must establish in order to prove liability.").

If Wang fails to demonstrate that the defendants' gross volume of sales is at least $500,000 per year or that they are an enterprise "engaged in commerce," it would be fatal to his FLSA claim. Nevertheless, it does not strip the court of subject matter jurisdiction.

3

## CONCLUSION

Defendants' motion to dismiss is denied.

**SO ORDERED.**

Brooklyn, New York
July 26, 2019

*Edward R. Korman*
Edward R. Korman
United States District Judge